IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | : | CIVIL ACTION NO. 3:13-cv-1105 |
| *Plaintiff*, | : | |
| v. | : | |
| BRIAN ADAIR, | : | |
| *Defendant*. | : | AUGUST 2, 2013 |

## COMPLAINT

Plaintiff PHL Variable Insurance Company ("Phoenix"), by and through its attorneys, files this Complaint against Defendant Brian Adair as follows:

### THE PARTIES

1. Phoenix is a life insurance company organized under the laws of, and maintains its principal place of business in, the State of Connecticut and is a citizen of the State of Connecticut.

2. On information and belief, Defendant Brian Adair is a citizen of the State of Pennsylvania who may be served with process in Pittsburgh, Pennsylvania.

### JURISDICTION AND VENUE

3. Adair is a citizen of Pennsylvania and subject to the personal jurisdiction of this Court because the contract that governs Adair's relationship with Phoenix (the "Broker Agreement") subjects Adair to the jurisdiction of the United States District Court for the District of Connecticut.

4.  This Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens and residents of different states, and the amount in controversy exceeds $75,000.00.

5.  This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. In addition, the Broker Agreement between the parties provides that any disputes arising out of the Broker Agreement shall be subject to the laws of the State of Connecticut without regard to Connecticut choice of law rules.

## FACTUAL BACKGROUND

6.  Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance.

7.  Adair was an appointed broker of Phoenix. Pursuant to the Broker Agreement Adair executed with Phoenix, Adair agreed that any disputes arising out of the Broker Agreement would be governed by Connecticut law. This lawsuit arises out of the Broker Agreement.

8.  Adair marketed Phoenix life insurance policies to his clients, which resulted in the issuance of Phoenix life insurance policy number 97523647 insuring the life of Joseph F. Scherer (the "Scherer Policy"). Pursuant to the terms of the Broker Agreement, Phoenix paid Adair $179,395.98 in compensation upon Phoenix's issuance of the Scherer Policy (the "Compensation").

9.  Shortly after its issuance, the Scherer Policy was rescinded and Phoenix returned a portion of premiums paid on the Scherer Policy to the Scherer Policy's owner.

43967604.1

10. Under the Broker Agreement, whenever Phoenix refunds or returns any amount of any premium payment made on a policy, any compensation paid by Phoenix to Adair on the policy must be promptly repaid to Phoenix by Adair.

11. While some of Adair's debt has been offset by (1) other compensation payable to Adair but withheld by Phoenix pursuant to the terms of the Broker Agreement and/or (2) other offsets to which Adair is entitled, Adair remains liable to Phoenix for $103,632.54. Phoenix has demanded payment for the Compensation, but Adair has refused to remit any payment to Phoenix.

## CAUSE OF ACTION

### I.
### BREACH OF CONTRACT

12. Phoenix incorporates paragraphs 1 through 11 as if fully set forth herein.

13. The Broker Agreement is a valid and enforceable written contract under Connecticut law between Phoenix and Adair. Phoenix has fully performed its obligations under the Broker Agreement. All conditions precedent to Phoenix's recovery against Adair under the terms of the Broker Agreement have been performed or have occurred. Adair's failure and/or refusal, as described above, to honor his obligations under the Broker Agreement constitutes a breach of the Broker Agreement.

14. As a result of Adair's breach of the Broker Agreement, Phoenix has incurred significant damages. More specifically, Adair's breach of the Broker Agreement has caused Phoenix injury in an amount of at least $103,632.54.

## PRAYER

For the foregoing reasons, Phoenix respectfully requests that the Court:

    (a)    enter judgment against Brian Adair entitling Phoenix to recover its actual damages, less any recoupments and/or offsets, and pre-judgment and post-judgment interest; and

    (b)    award such other and further relief, at law or in equity, to which Phoenix may be entitled.

    Respectfully submitted,
    PHL VARIABLE INSURANCE COMPANY


By:   /s/ Eric L. Sussman
    Albert Zakarian (ct04201)
    Eric L. Sussman (ct19723)
    Day Pitney LLP
    242 Trumbull Street
    Hartford, Connecticut 06103-3499
    (860) 275-0100
    *azakarian@daypitney.com*
    *elsussman@daypitney.com*
    Its Attorneys

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP
Jessica L. Wilson*
Texas Bar No. 24028230
Andrew R. Kasner*
Texas Bar No. 24078770
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: (713) 337-5580
Telecopy: (713) 337-8850
* *Pro hac vice applications to be filed*